IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN W. LANDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1661 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| CRAY YOUTH AND FAMILY SERVICES, | ) | |
| INC. and DAVID COPPER, | ) | Re: ECF No. 25 |
| | ) | |
| Defendants. | ) | |

## OPINION

**KELLY, Chief Magistrate Judge**

Plaintiff Steven W. Landman initiated this civil action against his former employer, Cray Youth and Family Services, Inc. ("Cray") and its Executive Director, David Copper ("Copper") (collectively, "Defendants"), bringing claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, for unlawfully interfering with and denying Plaintiff FMLA benefits (Count I), and for discriminating against Plaintiff for opposing Defendants' alleged unlawful practices (Count II). ECF No. 1, 23.[1] Plaintiff has also brought separate state law claims for intentional infliction of emotional distress ("IIED") against Copper and Cray (Counts III and IV, respectively). ECF No. 1.

Presently before the Court is a Partial Motion to Dismiss submitted on behalf of Defendants in which they argue that Plaintiff has failed to state a claim for IIED at Counts III and IV of the Complaint. ECF No. 25. For the following reasons, the Motion will be granted.

---

[1] Plaintiff filed the Complaint in this matter on December 16, 2015. ECF No. 1. In response to a Partial Motion to Dismiss filed by Defendants, Plaintiff filed a Motion for Leave to File an Amended Complaint, which this Court granted on March 25, 2016. Instead of filing a complete, self-contained document, as is the proper format, Plaintiff merely submitted an "Amended Complaint" that contains two sub-paragraphs, ECF No. 23, which presumably the Court is supposed to incorporate into the original Complaint. The complete "Amended Complaint" therefore appears at ECF Nos. 1 *and* 23. Unless otherwise specified, however, references will be made to the original Complaint filed at ECF No. 1, as it contains the majority of the factual allegations alleged by Plaintiff and all of the claims upon which he seeks relief.

I.      **STANDARD OF REVIEW**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986).  Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## II. DISCUSSION

Defendants argue that Plaintiff's claims for IIED should be dismissed because they are barred under the Workers' Compensation Act ("WCA"), 77 Pa. C.S.A. § 1, *et seq*. The Court agrees.

### A. IIED Claim against Defendant Cray (Count IV)

Section 303(a) of the WCA, provides:

> (a) The liability of an employer under this act shall be *exclusive* and in place of any and all liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury . . . .

77 P.S. § 481(a) (emphasis added). Pennsylvania courts have held that this provision provides an employee "the sole remedy for injuries allegedly sustained during the course of employment." Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997), *quoting* Dugan v. Bell Tel. of Pa., 876 F. Supp. 713, 723 (W.D. Pa. 1994). Moreover, the WCA's exclusivity provision has specifically been held to bar claims for intentional torts, including claims for intentional infliction of emotional distress. Id.; Barber v. Pittsburgh Corning Corp., 555 A.2d 766, 768-72 (Pa. 1989); Poyser v. Newman & Co., Inc., 522 A.2d 548, 551 (Pa. 1987); Papa v. Franklin Mint Corp., 583 A.2d 826, 826-27 (Pa. Super. Ct. 1990). See Gilmore v. Manpower, Inc., 789 F. Supp. 197, 197-99 (W.D. Pa. 1992) (granting employer's motion for partial summary judgment on intentional infliction of emotional distress claim); Stylianoudis v. Westinghouse Credit Corp., 785 F. Supp. 530, 532 (W.D. Pa. 1992) (denying motion to amend complaint to include intentional infliction of emotional distress claim as futile); See also Snyder v. Speciality Glass Products, Inc., 658 A.2d 366, 370 (Pa. Super. Ct. 1995), *citing* Barber v. Pittsburgh Corning Corp., 555 A.2d at 770, *and* Poyser v. Newman and Co., Inc., 522 A.2d at

551 (noting that the Pennsylvania Supreme Court has expressly found that there is no exception to the WCA's exclusivity provision for injuries caused by an employer's intentional torts).[2]

Plaintiff's claim for intentional infliction of emotional distress brought at Count IV of the Complaint arises out of his employment relationship will Cray and thus is barred by the exclusivity provision of the WCA. Count IV therefore is properly dismissed and Defendants' Motion to Dismiss in this regard will be granted.

### B. IIED Claim against Defendant Copper (Count III)

Section 205 of the WCA provides that:

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, *except for intentional wrong*.

77 P.S. § 72 (emphasis added). Thus, an individual co-worker may only be held liable under the WCA only for intentional wrongs. The Pennsylvania Superior Court has found that the type of intentional wrongs that give rise to a cause of action under the WCA are those that one would not normally expect to be subjected to while at the workplace. Snyder v. Specialty Glass Products, Inc., 658 A.2d at 374. See Baum v. NGK Metals Corp., 155 F. Supp. 2d 376, 380 (E.D. Pa. 2001) ("[a] plaintiff has a cause of action under the WCA, where the intentional wrong is not normally expected to be present in the workplace) (internal quotations and citation omitted).

The WCA, however, also contains a "personal animosity" or "third-party attack" exception to the employee immunity provision which provides that:

> The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by an act of a third person

---

[2] Although the Pennsylvania Supreme Court recognized a limited exception to the exclusivity provision of the WCA in Martin v. Lancaster Battery Co., Inc., 606 A.2d 444 (Pa. 1992), *i.e.*, where the plaintiff-employee was not seeking damages for the work related injury itself but rather for the aggravation of his injuries due to the employer's delay in reporting test results, the exception does not apply to the facts presented in this case.

4

> intended to injure the employee *because of reasons personal to him,* and not directed against him as an employee or because of his employment ....

77 P.S. § 411(1) (emphasis added). See Snyder v. Specialty Glass Products, Inc., 658 A.2d at 374. "The 'critical inquiry in determining the applicability of the third-party attack exception is whether the attack was motivated by personal reasons, as opposed to generalized contempt or hatred, and was sufficiently unrelated to the work situation so as not to arise out of the employment relationship.'" Jackson v. Lehigh Valley Physicians Grp., No. 08-3043, 2009 WL 229756, at *6 (E.D. Pa. Jan. 30, 2009), *quoting* McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 400 (E.D. Pa. 2002).

Here, Plaintiff's IIED claim against Copper is based on comments made by Cooper sometime in December of 2014, after Plaintiff was called to Cooper's office. During what may be construed as a reprimand or warning, Copper allegedly stated to Plaintiff:

> This is not a conversation. Who the hell do you think you are? Melissa is busy enough without having to chase you around for the information she needs. I used to be proud of you for how you're handling the whole situation with your wife's illness and taking care of your kids, but I'm not anymore. It's evident that you don't care about your family or your job. Do you know who I am? I'm Dave Copper; and do you know the power Dave Copper has?

ECF No. 1 ¶ 50. Plaintiff alleges that he tried to say something but Cooper interrupted and said:

> Sit there and shut up. This is not a conversation. This is the power I have (while snapping his fingers). I could take away your job. If I take your job you lose your health insurance. If you lose your health insurance, Kate won't be able to get the treatment she needs, and if she gets sick again, she'll die. If I take your job, you won't have any money coming in to pay for your kids to go to college, and they will have to drop out of school.

Plaintiff claims that after a long silence during which Cooper glared at Plaintiff, Cooper said:

> Get your shit together before you lose everything. You can go now (while waving his hand in a dismissive fashion).

Id. ¶¶ 51-52.

5

Citing to <u>Snyder v. Specialty Glass Products, Inc.</u>, 658 A.2d at 374, Defendants argue that Copper's conduct in this case is that which normally occurs in the workplace, *i.e.*, a severe reprimand and a threat to terminate Plaintiff's employment, and thus is not the type of intentional wrong contemplated by Section 205 of the WCA.

While Cooper's statements generally could be construed as a reprimand or warning directed to Plaintiff as an employee, the Court finds Cooper's alleged reference to Plaintiff's wife and her serious illness, to be contemptible and unacceptable. Because the statement seemingly goes beyond a work related reprimand, it raises questions with respect to Cooper's motivation for making the callous and repugnant statement and whether there was a personal component to the reprimand.

Plaintiff, however, has alleged no facts in the Complaint to support a finding that Copper was motivated by personal animus. Nor do Plaintiff's belated assertions in the "Amended Complaint" that Copper "intended to injure Plaintiff because of reasons personal to Cooper, and not directed against Plaintiff as an employee or because of his employment," serve to resurrect his claim for IIED against Cooper as they are nothing more than bald conclusions, devoid of any factual support anywhere in the Complaint. This notwithstanding, the United States Court of Appeals for the Third Circuit has held that before dismissing a case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint, whether or not the plaintiff has asked to do so, unless it would be inequitable or futile. See <u>Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007), *citing* <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). Because it is unclear at this juncture whether permitting Plaintiff to amend his Complaint would be futile, the Court will give him an opportunity to do so.

**III.   CONCLUSION**

For the foregoing reasons, the Partial Motion to Dismiss submitted on behalf of Defendants, ECF No. 25, is properly granted with leave to file a Second Amended Complaint as to the IIED claim against Cooper (Count III).  Accordingly, the following Order is entered:

**<u>ORDER</u>**

AND NOW, this 28th day of July, 2016, upon consideration of Defendants' Partial Motion to Dismiss, Plaintiff's Response to the Partial Motion to Dismiss and Defendants' Reply Brief, IT IS HEREBY ORDERED that the Partial Motion to Dismiss filed on behalf of Defendants, ECF No. 25, is GRANTED; IT IS FURTHER ORDERED that Plaintiff has until August 12, 2016, to file a Second Amended Complaint solely with respect to his claim against Defendant Cooper for IIED.[3]

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF

---

[3] The Second Amended Complaint should nevertheless be a complete free-standing, self-contained document containing all of Plaintiff's claims and the factual allegations upon which they are based.